UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VANCE MAXWELL,

                          Petitioner,

       -against-

BRIAN FISCHER, Superintendent,
Sing Sing Correctional Facility,

                        Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM AND
ORDER

04-CV-4477 (CBA)

AMON, United States District Judge:

      Petitioner Vance Maxwell filed this *pro se* petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 on October 19, 2004. The State of New York opposed the petition, and

Maxwell filed a reply. Thereafter, the Court appointed counsel for further briefing on the

discrete issue of whether or not one of Maxwell's prosecutorial misconduct claims had been

exhausted in state court. After that issue was re-briefed, the Court, in an Order dated May 12,

2008, denied Maxwell's petition. Judgment entered two days later and the Clerk of the Court

closed this case. Maxwell, with the assistance of his appointed counsel, has now moved this

Court for reconsideration of the 5/12/08 Order, requesting that the Court re-appoint counsel for

the purposes of re-briefing several of Maxwell's claims. For the reasons that follow, Maxwell's

motion is denied.

I.      Background

      The reader is referred to the Court's 5/12/08 Order for pertinent background information

regarding Maxwell's trial, conviction, appeal, and state court collateral proceedings, a full

recitation of which is not necessary here.

In the 5/12/08 Order, the Court denied all of Maxwell's claims. The two prosecutorial misconduct claims and the claim that Maxwell had been denied a fair trial based on the admission of evidence of the prior robbery were all found to be procedurally barred. Because Maxwell demonstrated neither cause for his procedural defaults and prejudice resulting therefrom, nor that the procedural defaults would result in a fundamental miscarriage of justice, the court could not excuse them and they were fatal to these three claims. The Court then rejected each of the six ineffective assistance of counsel claims on the merits.

Maxwell now moves for reconsideration and for reappointment of counsel for the purposes of further briefing "so that the ineffective assistance and evidentiary fair trial points can be more intelligently briefed–to clear up the seemingly 'illogical' and 'muddled' arguments of petitioner acting *pro se*, and to help the Court better understand the issues and the record." Maxwell points out that the Court erred when it noted that Maxwell had failed to cite any evidence that he owned a gray, rather than a brown, BMW, pointing out that he submitted two documents as exhibits to his 440.10 motion in state court that tend to suggest that he did in fact own a gray BMW. Maxwell then argues that, with the assistance of counsel, he could explain the significance of this piece of evidence and how it relates to the claims in his petition.

II.     Discussion

Maxwell has moved for reconsideration within ten days of the entry of judgment in this case, and therefore has moved pursuant to Federal Rule of Civil Procedure 59(e). See Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir. 1982); United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997) ("The major grounds that justify a reconsideration involve an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice."); Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003); Herschaft v. The New York City Campaign Fin. Bd., 139 F. Supp. 2d 282, 283-84 (E.D.N.Y. 2001). Accordingly, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Commercial Union Ins. Co., 289 F. Supp. 2d at 340 ("The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'").

Maxwell has pointed out one error in the Court's opinion; namely, the statement that he presented no evidence that he owned a gray BMW as distinguished from a brown BMW that was described by the witness to the robbery. Maxwell notes that there were exhibits attached to his state habeas petition that showed both that he owned a gray BMW and that this same gray BMW had been impounded by the police and auctioned off before Maxwell's trial. The issue of the car's description was addressed in connection with Maxwell's claim of ineffective assistance of counsel.

Although the Court regrets the error, it fails to see how the existence of evidence of Maxwell's ownership of a gray BMW "might reasonably be expected to alter the conclusion reached by the court." It does not call into question this Court's resolution of the ineffective

assistance of counsel claim raised by the petition, and despite the contrary suggestion in the motion for reconsideration, it does not support a claim of actual innocence such that the procedural defaults should be excused.

As the Court discussed in the 5/12/08 Order, in order to prevail on an ineffective assistance of counsel claim, a petitioner must meet the two pronged test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show 1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and 2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694; see also Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510 (2003). Concerning the quality-of-representation prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and, as a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable" because judicial scrutiny of counsel's performance is deferential. Strickland, 466 U.S. at 689-90. Moreover, strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 691.

Here, even in light of the existence of some documentary evidence indicating that Maxwell owned a gray BWM, counsel made a reasonable professional judgment when he chose to concede that Maxwell did drive the robbers from the scene of the crime, and instead argue that he lacked the requisite criminal intent because the robbers carjacked him and forced him to drive them away. Counsel clearly knew that several eyewitnesses would place Maxwell in the car

with the robbers leaving the scene of the crime, and that Maxwell had told the police that he had been carjacked shortly thereafter.  Thus, counsel reasonably choose to build the defense around these facts.  Because counsel did not intend to challenge the fact that Maxwell drove the robbers from the scene of the crime, it was unnecessary for him to delve into what appears to be a disparity between the eyewitness testimony, which indicated that the BMW was brown, and the documents Maxwell submitted in his 440.10 motion indicating that the BMW he purchased was gray.  Accordingly, the Court's conclusion that counsel made a reasonable strategic decision to concede that Maxwell did drive the robbers from the scene of the crime, and instead try the case on the issue of intent, is not called into question by evidence showing Maxwell owned a gray car.     This particular conclusion is not even challenged on reconsideration.  Maxwell instead raises a new argument as to why the gray BMW proof was relevant.  He argues that Maxwell's ownership of the gray BMW should have been proved not to show that Maxwell did not own and drive the get-a-way car, which he concedes on reconsideration that he did, but to challenge the observation powers of the eyewitness who described the gray car as brown.  Challenging this witness was important, according to Maxwell, since this witness described actions of Maxwell that undermined a claim of unwitting participation in the robbery.  Maxwell also posits a new theory of defense; namely, that he in fact knew the defendants and unwittingly drove them from the scene of the robbery.  Apparently, if permitted to rebrief the petition, Maxwell would show why counsel was ineffective for not using the gray car evidence as proposed and why he is actually innocent.  These new arguments are not the proper subject of a motion for reconsideration.

      Moreover, there is no reason to believe that these new arguments would be meritorious if

the Court granted this extraordinary request of permitting rebriefing of a petition on a motion for reconsideration. Any claim that counsel was ineffective for failing to raise the defense now proposed or for not using the gray car evidence to challenge the witness would likely be found to be both unexhausted and lacking in merit. Similarly, neither the purported impeachment value of the gray car evidence or the newly proposed defense that he was an unwitting participant with friends in a robbery scheme would demonstrate "actual innocence" to excuse his procedural defaults. Murray v. Carrier, 477 U.S. 478, 496 (1986); see also Dretke v. Haley, 541 U.S. 386 (2004). Even if Maxwell offered some support for his new theory of defense, he could not meet the demanding standard to establish actual innocence. He could not show by clear and convincing evidence that no reasonable juror would have found him guilty if the defense had been interposed. Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Based upon the considerable evidence of his guilt, a reasonable juror could clearly have rejected this defense.

III.   Conclusion

For the foregoing reasons, Maxwell's motion for reconsideration is denied. No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

SO ORDERED.

Dated: Brooklyn, New York
       August 22, 2008

Carol Bagley Amon
United States District Judge